IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM T. MASON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-00414-M-BF |
| | § | |
| CITY OF DALLAS, TEXAS | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* civil rights action has been referred to the United States Magistrate Judge for screening pursuant to Special Order 3-251. William T. Mason ("Plaintiff") is proceeding in forma pauperis. After reviewing the record, the Court *sua sponte* determines that Plaintiff's claims are barred by res judicata and should be summarily dismissed with prejudice.

I.

In September 2005, Plaintiff was removed by security guards from the Central Dallas Public Library for allegedly causing a disturbance. That action prompted Plaintiff to file four different lawsuits against the City of Dallas and its private security firm. The first case was filed in this Court on January 9, 2006. ("*Mason I*").[1] Nearly two years later, Plaintiff filed another case in the San Antonio Division of the Western District of Texas. The case was transferred to this court on October 15, 2007. ("*Mason II*").[2] A third case, filed in the Texarkana Division of the Eastern

---

[1] *Mason v. Ruiz Protective Servs.*, No. 3-06-CV-00047-K, (N.D. Tex. June 24, 2008). (dismissed with prejudice).

[2] *Mason v. City of Dallas*, No. 3-07-CV-01757-O, 2008 WL 4137981, (N.D. Tex. Aug. 27, 2008). (summarily dismissed).

District of Texas on August 21, 2007, also was transferred to this court. ("*Mason III*"). [3] The fourth case, filed July 23, 2007 was referred to this court on March 4, 2009. (*"Mason IV"*). In all four actions, Plaintiff sought and obtained leave to proceed *in forma pauperis*.

In January 2008, a bench trial was held in *Mason I*. After considering the evidence, the Court found that neither the City or its private security firm deprived Plaintiff of his constitutional rights. The Court dismissed Plaintiff's claims with prejudice. *Mason v. Ruiz Protective Servs.,* No. 3-06-CV-0047-K, op. at 18-19 (N.D. Tex. Jun. 24, 2008).  In light of the disposition of *Mason I*, the Court now determines that *Mason IV* is barred by res judicata.

II.

A federal district court has a continuing duty to dismiss a case filed without prepayment of fees whenever it appears that the action fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).  To state a claim, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).  The complaint must be liberally construed in favor of the plaintiff and the allegations contained therein must be taken as true. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Nevertheless, dismissal is proper "if it appears that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Am. Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991), *quoting Baton Rouge Bldg. & Constr. Trades Council AFL-CIO v. Jacobs Constructors, Inc.*, 804 F.2d 879, 881 (5th Cir. 1986).  When a successful affirmative defense appears on the face of the pleadings, dismissal for failure to state a claim may be appropriate. *Kansa Reinsurance Co. v. Cong. Mortgage Corp. of Tex.*, 20 F.3d 1362,

---

[3] *Mason v. City of Dallas*, No. 3-08-CV-0677-B, 2008 WL 2669395 (N.D. Tex. Jul. 3, 2008). (summarily dismissed as duplicative).

1366 (5th Cir. 1994); *see also Mowbray v. Cameron Co., Tex.*, 274 F.3d 269, 281 (5th Cir. 2001), *citing Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980) (permitting district court to raise issue of res judicata *sua sponte* in the interest of judicial economy where both the prior action and current case were brought in courts of the same district).

### A.

The rule of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*; *see also Ellis v. Amex Life Ins. Co.*, 211 F.3d 935, 937 (5th Cir. 2000). In order to determine whether both suits involve the same claim or cause of action, the court uses a "transactional test." As the Fifth Circuit explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.*; *see also In re Ark-La-Tex Timber Co., Inc.*,

3

482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004).

This case meets the requirements for res judicata. This is the fourth lawsuit Plaintiff has filed against the City challenging his removal from the Central Dallas Public Library. The first-filed case, *Mason I*, was dismissed on the merits by a final judgment rendered by a court of competent jurisdiction. Even if Plaintiff does not assert identical claims against the City in the instant case, it is clear that both *Mason I* and *Mason IV* arise out of the "same nucleus of operative facts." Consequently, Plaintiff's claims are barred by res judicata. *See Brown v. Felsen*, 442 U.S. 127, 131 (1979) ("Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.").

B.

Federal courts have inherent authority "to protect the efficient and orderly administration of justice and . . . to command respect for [its] orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such power is the authority to levy sanctions in response to abusive litigation practices. *Id.* Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *See* FED. R. CIV. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees--indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). Appropriate sanctions may include restrictions on the ability to file future lawsuits without leave of court and monetary sanctions. *See generally, McCampbell v. KPMG Peat Marwick*, 982 F.Supp. 445, 448-49 (N.D. Tex.

4

1997) (Kaplan, J.) (discussing sanctions available to deter and punish *pro se* litigants for abusing the judicial system by filing multiple frivolous lawsuits).

Plaintiff has filed four lawsuits against the City challenging his removal from the Central Dallas Public Library. The Court warned Plaintiff that he would be sanctioned if this pattern of behavior continued. Plaintiff disregarded the Court's warning. Plaintiff therefore should be barred from filing any civil action in this Court without paying the required filing fee or obtaining prior authorization from a District Judge or Magistrate Judge.

## **RECOMMENDATION**

The Court recommends that Plaintiff's complaint be summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court also recommends that Plaintiff be barred from filing any civil actions without paying the required filing fee or obtaining prior authorization from a District Judge or Magistrate Judge.

SO RECOMMENDED, June 17, 2009.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).